UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER MOSS,

    Plaintiff,

v.

T. URIBE, et al.,

    Defendants.

Case No. 18-cv-06930-DMR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from an incident at SVSP on December 1, 2017. Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkts. 3, 6.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. Dkt. 5.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following as Defendants: SVSP Correctional Officers Tereasa Uribe and Amanda Garcia as well as SVSP Chief Physician D. Bright. Plaintiff seeks injunctive relief and monetary damages.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

#### i. Eighth Amendment Claims

Plaintiff claims that he suffered a "gunshot wound to his left arm in 2010 before his incarceration at [SVSP]." Dkt. 1 at 5.[1] Thus, he claims that he "suffers from a disability to his arm." *Id.* He claims he has a "special medical chrono[2] for handcuffs." *Id.* (footnote added). He states that his medical history of "neuropathic lower elbow pain" required "alternative restraints," and that his chrono prevents "physically restrain[ing] [Plaintiff] in such a manner by using mechanical restrains (handcuffs) [or] man[a]cles." *Id.* at 5, 9 (brackets added).

Plaintiff alleges that on December 1, 2017, Defendant Uribe used excessive force when she "disregarded [Plaintiff's] special medical chrono and proceeded to use the steel handcuffs anyway improperly, placing his hands behind his back causing him extreme pain in [his] left wrist and aggravating a swollen wrist abscess full of fluid[] on his right wrist and left arm." *Id.* at 5. Plaintiff claims that Defendant Uribe handcuffed him in order to search his cell, and that she left the "tight handcuffs on his wrists for 3 hours while [she] and Defendant Garcia searched his cell." *Id.* Plaintiff claims that he did nothing to provoke Defendant Uribe to use such force, and that the cell search was done as "discipline for Plaintiff['s] slow response to her orders to lock up." *Id.*

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] A "chrono" is a form that allows prisoners to request certain medical accommodations as deemed necessary by medical staff.

2

Plaintiff claims that he submitted multiple "sick call slips" related to the incident complaining that he had been "injured by the handcuffing by [Defendant] Uribe and . . . [was] suffering pain and disability in his right wrist." *Id.* at 6. Plaintiff claims that Defendant Bright failed to provide adequate treatment for Plaintiff's aforementioned injuries, and that Defendant Bright "abused his discretion in denying the recommendations [by] Doctor Javate for offsite medical treatment of the 'Ganglion Cyst' on his wrist made worse or aggr[a]vated by the use of mechanical restraints." *Id.* at 7, 11.

Liberally construed, Plaintiff's allegations state cognizable Eighth Amendment claims against Defendant Uribe (for use of excessive force by disregarding Plaintiff's medical chrono and causing injury by using handcuffs) and Defendant Bright (for failure to provide adequate treatment for Plaintiff's injuries from being handcuffed).

### ii. First Amendment Claim

Plaintiff claims that Defendant Garcia "aided [Defendant] Uribe in the cover up of the use of excessive force [by] deliberately sabotaging the CDC-602 grievanc[e] filed by [Plaintiff]." *Id.* at 10. Specifically, Defendant Garcia received Plaintiff's complaint relating to the December 1, 2017 incident involving Defendant Uribe's use of excessive force and failed to file it. *Id.* Liberally construed, Plaintiff's allegations state a cognizable First Amendment claim against Defendant Garcia for denying him access to the grievance procedure at the prison.

### iii. State Law Negligence Claim

Plaintiff alleges a violation of provisions of California statutory law relating to negligence based on Defendant Uribe's actions on December 1, 2017. Dkt. 1 at 12. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Liberally construed, Plaintiff's allegations satisfy the statutory requirement.

Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law negligence claim.

**III. CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's allegations state cognizable Eighth Amendment deliberate indifference claims against Defendant Uribe (for use of excessive force by disregarding Plaintiff's medical chrono and causing injury by using handcuffs) and Defendant Bright (for failure to provide adequate treatment for Plaintiff's injuries from being handcuffed).

2. Plaintiff's allegations state a cognizable First Amendment claim against Defendant Garcia for denying him access to the grievance procedure at the prison.

3. The Court will exercise supplemental jurisdiction over Plaintiff's state law negligence claim.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to: **SVSP Correctional Officers Tereasa Uribe and Amanda Garcia as well as SVSP Chief Physician D. Bright**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of

service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. **Defendants shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did

exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8.      All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and

(2) the court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: April 8, 2019

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MOSS,<br>         Plaintiff,<br>   v.<br>T. URIBE, et al.,<br>         Defendants. | Case No. 4:18-cv-06930-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher Moss ID: AY-2662
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960

Dated: April 8, 2019

                       Susan Y. Soong
                       Clerk, United States District Court

                       By:_____
                       Ivy Lerma Garcia, Deputy Clerk to the
                       Honorable DONNA M. RYU